# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                    Case No. 06-CR-223

TIMOTHY MILTON, et. al.,

        Defendants.

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SEVERANCE

On September 11, 2006, Magistrate Judge William E. Callahan, Jr. signed a criminal complaint charging Timothy Milton, (Defendant No. 1), Torrence Milton, (Defendant No. 2),Terrell Milton, (Defendant No. 3), Theartis Milton, (Defendant No. 4), Lashonza Hunt, (Defendant No. 5), Marc Mosley, (Defendant No. 6), Demario Charles Mosely, (Defendant No. 7), Roy Monette, (Defendant No. 8), Felic Claypool, (Defendant No. 9), Benjamin Stibbe, (Defendant No. 10), Teri Stibbe, (Defendant No. 11), Jonathon Selensky, (Defendant No. 12), and Eric Murphy with conspiracy to distribute more than one kilogram of heroin and during the conspiracy, death and serious bodily injury resulted from the use of the heroin, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

On September 19, 2006, the grand jury returned a twenty-two count indictment relating to the possession and distribution of controlled substances against all defendants named in the criminal complaint except for Eric Murphy. On October 10, 2006 this court denominated the case as complex and suspended the motion schedule. The cases against these twelve defendants proceeded

and on November 21, 2006, the court ordered all pretrial motions to be filed by January 22, 2007. (Docket No. 79.) Following the resolution of the pretrial motions filed in this matter, on March 20, 2007, this case was transferred to the Honorable Charles N. Clevert, Jr. for all further processing.

On June 26, 2007, Magistrate Judge Patricia J. Gorence signed a criminal complaint charging Ryan Hinkle with distribution of heroin resulting in death, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C). On July 10, 2007, Magistrate Judge William E. Callahan, Jr., signed a criminal complaint charging Leonard T. McCoy, Germona D. Mayo, and Gaddis B. Price, with conspiracy to possess with intent to distribute more than one kilogram of heroin resulting in death and serious bodily injury in violation of Title 21, United States Code, Section 846, 841(a)(1) and 841(b)(1)(A).

On April 26, 2007, Judge Clevert conducted a pretrial conference and scheduled the jury trial to commence on October 9, 2007. (Docket No. 119.) The docket discloses that a number of the defendants charged in the original indictment have entered into plea agreements. Jonathon Selensky on February 12, 2007, (Docket No. 97), Benjamin Stibbe on July 3, 2007, (Docket No. 137), Torrence Milton on July 25, 2007, (Docket No. 140), LaShonza Hunt on July 31, 2007, (Docket No. 141), Felic Claypool on August 3, 2007, (Docket No. 143), and Timothy Milton on August 7, 2007, (Docket No. 144).

On August 7, 2007, the grand jury returned a superseding indictment in this case against the four defendants previously charged in criminal complaints, Ryan Hinkle, (Defendant No. 16), Leonard T. McCoy, (Defendant No. 14), Germona D. Mayo, (Defendant No. 13), and Gaddis Price, (Defendant No. 15), as well as all the defendants charged in the original indictment who had not yet entered into plea agreements, Terrell Milton, (Defendant No. 3), Theartis Milton, (Defendant No.

2

4), Marc Mosely, (Defendant No. 6), Demario Charles Mosley, (Defendant No. 7), and Teri Stibbe, (Defendant No. 11), except for Roy Monette, (Defendant No. 8).

This court established September 5, 2007 as the deadline for all defense pre-trial motions regarding the superseding indictment. The previously established final pretrial date of September 21, 2007 and jury trial date of October 9, 2007 remain unchanged by Judge Clevert. In light of this fact, the defendants added in the superseding indictment, Ryan Hinkle, (Defendant No. 16), (Docket Nos. 157; 159), Gaddis Price, (Defendant No. 15), (Docket No. 160), and Leonard T. McCoy, (Defendant No. 14), (Docket No. 158), have filed motions seeking either an adjournment of the jury trial date or severance of the defendants. Defense counsel for McCoy states in the motion he filed on McCoy's behalf that he has conferred wit defense counsel for all defendants added in the superseding indictment and each has authorized counsel for McCoy to indicate their agreement with request for an adjournment or severance. (Docket No.158 at 3.)

Theartis Milton, (Defendant No. 4), a defendant charged in the original indictment, has filed a letter objecting to any adjournment of the trial date, noting that this matter has been pending for almost a year and he has been in custody the entire time. (Docket No. 161.) Terrell Milton, (Defendant No. 3), and Demario Charles Mosley, (Defendant No. 7), have filed similar objections to an adjournment of the October 9, 2007 jury trial date. (Docket Nos. 168, 173.)

The government responds that an adjournment of the jury trial date is appropriate given that there is a substantial overlap between the evidence against all the defendants, and that the evidence regarding the newly indicted defendants only recently came to light. Further, the government submits that substantial resources would be unnecessarily expended if this case had to be tried twice. Specifically, the government estimates that a trial would take up to four weeks and include

approximately 72 government witnesses, many of whom are in custody. With respect to the specific evidence that will be introduced at trial, the government states that

> [t]his evidence will include telephone records, electronic surveillance information, confidential informant and cooperating witness testimony, drug identification, forensic evidence, medical records, autopsy reports, search warrant evidence, postarrest statements, co-conspirator statements, homicide evidence, law enforcement testimony, and testimony from family members who discovered the above-named victims on the days of their respective deaths.

(Docket No. 170 at 4.)

In light of the overwhelming amount of evidence that is involved in this case and the complexity of the charges, the court finds that it is entirely unreasonable to expect that the newly indicted defendants would be able to prepare for trial by October 7, 2007. The government's position regarding adjournment implicitly acknowledges that it is unreasonable to expect the newly indicted defendants to be ready for trial on that date. The superseding indictment was returned on August 8, 2007 and thus the defendants would have only two months to prepare for trial. The court notes that the originally indicted defendants had more than four months simply to review the discovery and file pretrial motions. (See Docket Nos. 20, 79.) Therefore, the court concludes that either an adjournment or severance is necessary to ensure that the newly indicted defendants are provided adequate time to prepare their respective defenses.

This case has been already been pending for roughly a year. During this time, with the exception of Teri Stibbe, (Defendant No. 11), all of the defendants named in both the original and superseding indictments have been in federal custody (Roy Monette, (Defendant No. 8), is in federal custody due to an unrelated matter, (see Docket No. 54)). Undoubtedly, a defendant's denial of freedom is a substantial hardship upon that defendant, his family, and loved ones. Further delay in bringing this matter to trial will necessarily compound these hardships. Additionally, for all

4

defendants, whether detained or released, are the mental burdens that come with living life under with the constant uncertainty brought by a pending criminal indictment. Further delaying a jury trial may be not only further delaying a defendant's freedom but is undoubtedly further compounding the defendant's stress with the uncertainty of not knowing whether perhaps the next twenty or more years of life are going to spent in prison or free.

In considering an adjournment, the court has not been provided with any estimate of how long would be necessary to provide the newly indicted defendants adequate time to prepare their defenses. The only guidance is the fact that more than a year has been necessary to bring the originally indicted defendants to trial. The case against the newly indicted defendants is no less complex, and thus the court has no reason to believe that anything less than an additional year would be necessary to provide the newly indicted defendants adequate time to prepare their defenses. Such a substantial delay is entirely unacceptable. Even if the newly indicted defendants were able to prepare on an exceptionally expedited basis and require perhaps only six-months to prepare for trial, such an additional delay is far too long to force the originally indicted defendants to wait for their day in court.

Although the expenditure of prosecutorial and judicial resources would be significant if this matter had to be tried twice, the court finds that the interests of justice require that this investment be made. A defendant's right to a speedy trial must be vigilantly guarded. As is made clear in the Speedy Trial Act, exceptionally complex cases may take substantially longer than ordinary cases to come to trial. See 18 U.S.C. § 3161(h)(8)(B)(ii). However, even when an exceptionally complex case is involved, every opportunity to minimize delays must be taken. This court is presented with a direct opportunity to avoid a further substantial delay and therefore, in weighing the interests of

5

justice, the court must conclude that the balance falls on the side of denying the request for an adjournment.

In denying the request the for an adjournment and recognizing that requiring the recently indicted defendants to proceed to trial on October 7, 2007 would jeopardize their right to adequately prepare their defenses, the court concludes that severance is necessary. Federal Rule of Criminal Procedure 14(a) states: "If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials, or provide any other relief that justice requires." Absent severance, prejudice to a defendant would result, either in the form of further delay in the trial or in denying a defendant adequate time to prepare his defense. Therefore, the court shall grant Ryan Hinkle, (Defendant No. 16) (Docket Nos. 157, 159), Leonard T. McCoy, (Defendant No. 14) (Docket No. 158), Germona D. Mayo, (Defendant No. 13) (Docket No. 158), and Gaddis Price's, (Defendant No. 15) (Docket No. 160) requests to sever.

**IT IS THEREFORE ORDERED** that Ryan Hinkle, (Defendant No. 16) (Docket Nos. 157, 159), Leonard T. McCoy, (Defendant No. 14) (Docket No. 158), Germona D. Mayo, (Defendant No. 13) (Docket No. 158), and Gaddis Price's, (Defendant No. 15) (Docket No. 160) motions to adjourn the trial date are **denied**.

**IT IS FURTHER ORDERED** that Ryan Hinkle, (Defendant No. 16) (Docket Nos. 157, 159), Leonard T. McCoy, (Defendant No. 14) (Docket No. 158), Germona D. Mayo, (Defendant No. 13) (Docket No. 158), and Gaddis Price's, (Defendant No. 15) (Docket No. 160) motions for severance are **granted**. The court shall conduct an in court status conference for all counsel only on **September 18, 2007** at **10:00 a.m.** in Courtroom 254 of the United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin, to discuss further scheduling in this case.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this <u>6th</u> day of September, 2007.

<u>s/AARON E. GOODSTEIN</u><br>
U.S. Magistrate Judge